UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   08 CR 627 |
| | ) | 07 GJ 742 |
| v. | ) | |
| | ) | Chief Judge James F. Holderman |
| ANNETTE N. SANDOVAL, | ) | |

**GOVERNMENT'S FIRST AGREED MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for an extension of time, through and including September 25, 2008, in which to seek the return of an indictment against the defendant. Defense counsel has agreed to this motion. This agreed motion is brought for the following reasons:

1.  SANDOVAL is charged in a complaint alleging that she committed wire fraud, in violation of 18 U.S.C. § 1343, in that on October 12, 2007, for the purpose of executing a scheme to defraud Bloomingdale's, Inc., and to obtain property by means of false and fraudulent pretenses, representations, and promises, defendant knowingly caused to be transmitted by means of wire communication in interstate commerce certain wires, signs and signals, namely, telephone calls from in and around Villa Park, Illinois, to Chestnut Hill, Massachusetts, for the purpose of ordering $1,015.36 in merchandise belonging to Bloomingdale's, Inc.

2.  SANDOVAL was arrested on an arrest warrant issued August 8, 2008, just seven days after her release from jail in Cuyohoga County, Ohio after serving roughly a six-month felony sentence for the receipt of stolen property. The Government proffered during a detention hearing that within one day of being released from custody in Ohio and returning to Illinois, SANDOVAL

had taken possession of stolen credit card numbers and was discussing the imminent use of those numbers in order to make fraudulent purchases of merchandise. Having obtained this information, the Government obtained an arrest warrant, a search warrant for SANDOVAL's residence, and a one-count complaint charging an act of wire fraud in which SANDOVAL had previously used stolen credit card information in an effort to fraudulently purchase merchandise without the true cardholder's consent.

3.  SANDOVAL was taken into federal custody on August 8, 2008. The Government moved to detain SANDOVAL on the grounds that she was a flight risk and a danger to the community. The parties subsequently stipulated to SANDOVAL's detention without prejudice. SANDOVAL is currently in federal custody.

4.  A number of factors have led to the Government's request for an extension through and including September 25, 2008. Those factors are stated in the Attachment hereto, which the Government respectfully requests be placed under seal. The United States is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

5.  Defense counsel has agreed to an extension of the time limits imposed by 18 U.S.C. § 3161(b) in which to file an indictment or information against the defendant.

6.  For the reasons stated in the Government's sealed Attachment, the thirty days available to the Government pursuant to 18 U.S.C. § 3161(b) in which to file an indictment or information against the defendant based on his arrest will not be sufficient. The United States believes that an extension of time from the current expiration date of September 7, 2008 to and including September 25, 2008 will be sufficient time for the Government to seek an indictment.

7.      Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; [and]
>
> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(iii), (iv).

8.      The United States respectfully submits that the 18-day continuance is warranted in this case pursuant to the forgoing provisions. The Government has been conducting a diligent and thorough investigation in this case, but as set forth in the Attachment, the investigation arrest occurred at such time that it unreasonable to expect the return and filing of the indictment within the time frame currently imposed by § 3161(b) of the Speedy Trial Act. In addition, the United States submits that the case is complex and the Government requires additional time to prepare effectively for indictment. The United States cannot complete its investigation and appropriately conclude the investigation within the time frame currently imposed by § 3161(b) of the Speedy Trial Act.

WHEREFORE, the United States, with the agreement of defense counsel, respectfully requests an 18-day extension of time from September 7, 2008 to and including September 25, 2008 in which to seek an indictment in this case.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    /s/ Christopher R. McFadden

By:    CHRISTOPHER R. MCFADDEN
    Assistant United States Attorney
    United States Attorney's Office
    219 S. Dearborn Street
    Chicago, IL 60604
    (312) 353-1931

Dated: August 27, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 08 CR 627 |
| | ) | | 07 GJ 742 |
| v. | ) | | |
| | ) | | |
| ANNETTE N. SANDOVAL | ) | | Chief Judge James F. Holderman |

## CERTIFICATE OF SERVICE

I, Christopher R. McFadden, certify that on August 27, 2008, I caused the Government's First Agreed Motion for an Extension of Time to Return Indictment Pursuant to 18 U.S.C. § 3161(h): (1) to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division; and (2) served upon opposing counsel of record pursuant to the district court's ECF system.

/s/ Christopher R. McFadden
Christopher R. McFadden
Assistant United States Attorney